PER CURIAM.
This is an appeal of a denial of a petition to vacate judgment and sentence.
Appellant was convicted on five counts of forgery. He was sentenced on each count, sentences to run concurrently. It is petitioner’s contention that his convictions were predicated upoh guilty pleas, which pleas were unlawfully induced.
The trial court conducted a full and evi-dentiary hearing at which petitioner was present and represented by counsel.- After taking testimony and hearing the arguments of counsel the trial court resentenced the petitioner due to some confusion in the record with regard to prior sentences, but otherwise denied the petitioner relief. We find no error and affirm.
A judgment of conviction is presumed valid[1] and, upon a hearing on a motion to vacate, it is incumbent upon one collaterally attacking such judgment to prove his allegations.[2] In the instant case, the trial judge found:
“That there is no evidence to support petitioner’s allegations that his former *538 pleas of guilty, * * * were coerced or obtained as a result of promises allegedly made by the state or by the public defender;”
The record supports the trial judge’s findings and this case will stand affirmed.
Affirmed.

. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Twining v. United States, 321 F.2d 432, C.C.A.5, 1963; Harris v. State, Fla.App.1965, 177 So.2d 543 (opinion filed July 27, 1965).

. Ibid; see Also Russ v. State, Fla.1957, 95 So.2d 594.