## STATE OF FLORIDA v COBAS
### Case No. 47349, 50-AY
County Court, Dade County

April 29, 1985

**APPEARANCES OF COUNSEL**

**State Attorney's Office** for plaintiff.

**Julio M. Gomez, Gomez, Fente & Del Pino,** for defendant.

### OPINION OF THE COURT

RICHARD MARGOLIS, County Judge.

THIS CAUSE coming on to be heard on April 26, 1985 on Defendant. LOS ANGELES COBAS' Motion to Suppress and the

Court hearing argument of counsel, receiving testimony and being otherwise fully advised, it is hereby

ORDERED and ADJUDGED as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Court hereby finds that the Defendant, LOS ANGELES COBAS was arrested for Driving Under the Influence on January 27th, 1985 at the Golden Glades toll plaza in Dade County, Florida.

2. The Court finds that Defendant, LOS ANGELES COBAS' breath was not collected at the scene where his arrest took place but instead the Defendant was transported to a Metro-Dade Police Station where he was told to blow one (1) time until the bag filled or whistle sounded thereby collecting one (1) sample of the Defendant's breath.

3. The Court further finds that there was available in the Metro-Dade Police Department where the Defendant was offered such test the capability of obtaining a consecutive sample of his breath if the Officer so advised the Defendant.

4. The Court further finds that the failure to collect two (2) consecutive samples of the Defendant's breath within five minutes was a substantial departure of the Department of Health and Rehabilitative Services Rules and in violation of HRS Rule 10D-42.211(4) and of Florida Statutes 316.1932(a)(1).

5. The Court further finds that Trooper Torres has not received any certification from Health and Rehabilitative Services nor has he completed the forty (40) hour course of instruction in order to be licensed as a technician by Health and Rehabilitative Services.

6. The Court further finds that Trooper Torres received an eight (8) hour course run by Metro-Dade Police Department to instruction persons to operate indium field sampling devices (commonly known as Indium Crimper).

7. The Court further finds that Trooper Torres is not required to complete the aforementioned forty (40) hour course nor is he required to be licensed by the Department of Health and Rehabilitative Services in order to operate any indium field sampling devices (Indium Crimper).

8. The Court hereby holds that the failure to obtain two (2) consecutive samples of Defendant, LOS ANGELES COBAS' breath within five minutes was a substantial departure of the Rules and Regulations as promulgated by the Department of Health and Rehabilitative Services. The Court further holds that the breath sample

**115**

obtained from the Defendant was obtained at the police station and not in the field, therefore, the Court suppresses the one (1) breath sample collected in this cause and any examinations that might have been performed on said sample. The Court does not suppress any physical tests observations given in this matter.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida this 29th day of April, 1985.