## STATE OF FLORIDA v CALL
Case No. 85-036-562-MV-3-4

County Court, Sarasota County

October 3, 1985

**APPEARANCES OF COUNSEL**

**Bruce Neumann,** Assistant State Attorney, for plaintiff.
**Regina W. Cosper,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

BECKY A. TITUS, County Judge.

THIS CAUSE was heard before the Court on oral motion in limine

to exclude the results of the breath test taken in connection with Defendant's arrest for DUI. Upon the testimony presented, the Court finds the facts to be as follows:

1. Defendant was not observed for 20 continuous minutes prior to the taking of his breath sample as required under HRS Rule 10D-42.24(1)(f). The Court declines to include in the 20 minute period the time during which Defendant was being transferred in the patrol car, as urged by the State. The circumstances surrounding the transportation of the Defendant, who was seated alone in the back seat of a dark patrol car, separated from the arresting officer by a Plexiglas window, cannot reasonably be construed to permit observation.

## CONCLUSION

The foregoing noncompliance was substantial. The visual observation period is required in order to detect the ingestion of any material by mouth or regurgitation of any material into the mouth, thus causing a contamination of the sample. Rule 10D-42.24(1)(f) specifically requires the officer to *"make certain* the subject has not taken anything by mouth or has not regurgitated for *at least* twenty minutes before administering the test" [emphasis added]. Rule 10D-42.24 sets forth the minimum preliminary procedures to be followed for all approved chemical breath tests. Indeed, the failure to comply with the 20 minute observation requirement is one of the omissions considered serious enough that it could lead to loss of the permit of the technician or loss of registration of the instrument or both. HRS Rule 10D-42.24(1)(g).

Blood alcohol test results in DUI cases, as in the instant case, can give rise to a presumption of guilt under F. S. 316.1934. No other evidence introduced in any criminal case carries with it a jury instruction which simultaneously destroys the presumption of innocence as to the entire crime charged and substitutes a presumption of guilt. It is vitally important, therefore, that the test be taken "substantially in accordance with rules and regulations" of the Department of HRS, which rules "shall specify precisely" the approved tests and "shall provide an approved method of administration which shall be followed in all tests given. . ." F. S. 316.1932(f)(1).

The failure to observe the Defendant for 20 minutes pursuant to HRS Rule 10D-42.24(1)(f) is a substantial noncompliance under F. S. 316.1932(f)(1). The risk of contamination of the sample, considering the serious consequences at stake, require exclusion of the evidence in this case.

Upon the foregoing, it is hereby

ORDERED AND ADJUDGED that the motion in limine is granted.

DONE AND ORDERED this 2nd day of October, 1985.