# WILSON v STATE OF FLORIDA
## Appeal No. 86-361
Thirteenth Judicial Circuit, Hillsborough County
September 30, 1987

### APPEARANCES OF COUNSEL

**Roger O. Mills** for appellant.

**James M. Barton II,** Assistant State Attorney, for appellee.

SUSAN C. BUCKLEW, Circuit Judge.

Appellant, Gilbert Wilson, appeals the trial court's Order Denying the Defendant's Motion to Suppress Breathalyzer Results and the trial court's Order Denying Defendant's Motion to Strike Prior Conviction for Purposes of Enhancement. The trial court is hereby affirmed.

The first issue Appellant argues is that the Defendant was not observed for 20 minutes prior to the administration of the breathalyzer test as required by HRS Rule 10 D-42.24(1)(f). The testimony of Cynthia Perry was that she observed the Defendant from 1:58 A.M. to 2:22 A.M. during which time the Defendant performed the field sobriety tests on the video. Florida Statute 316.1934(3) requires "substantial compliance" with the Rules approved by the Department of HRS. The evidence reflects that the 20 minutes observation rule was substantially complied with.

The second issue argued by the Appellant was that the trial court erred in denying Defendant's Motion to Strike Prior Conviction for Enhancement Purposes. The motion which was sworn to by the Defendant alleges that the Defendant, although represented by counsel, was never informed by counsel or court that his conviction could be used to enhance a penalty upon a second conviction and for that reason the prior conviction should be struck for the purposes of enhancing the penalty.

A duly entered judgment and conviction is presumed valid. *Paul v. State,* 177 So.2d 537 (Fla. 3d DCA 1965). In a collateral attack on the validity of a prior conviction on the grounds that the trial court failed to determine whether the Defendant had voluntarily and knowingly waived his fundamental constitutional rights, defendant must allege and establish by competent evidence that there was not in fact a knowing and intelligent waiver of such constitutional rights. Defendant has the burden of proof by a preponderance of the evidence. A simple assertion is not sufficient. *Allen v. State,* 463 So.2d 351 (Fla. 1st DCA 1987).

In this case, the Appellant did not meet his burden. There is not a record attached or any other competent evidentiary facts to support the assertion. In addition the Defendant was represented by counsel at the time of the prior plea and a presumption of validity should attach because of that fact. The trial court should not assume without adequate support in the record that the prior plea entered by Appellant was not knowingly and voluntarily made.

Finally, the undersigned court is not convinced that failure to inform the Defendant of the specific information that this conviction "could be

used to enhance a penalty upon a second conviction" is a failure to inform the Defendant of a fundamental constitutional right.

The trial court is *affirmed on both issues.*

DONE AND ORDERED this 30th day of September, 1987.