514 So.2d 418 (1987)
Robert Earl RIDGEWAY, Robert Lee Gent, Petitioners,
v.
STATE of Florida, Respondent.
Nos. 87-390, 87-391.
District Court of Appeal of Florida, First District.
October 28, 1987.
*419 Diane Elizabeth See, Asst. Public Defender, Gainesville, for petitioners.
Robert A. Butterworth, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., for respondent.
WENTWORTH, Judge.
Petitioners Ridgeway and Gent seek certiorari review of the final order of the circuit court acting in its review capacity, pursuant to Rule 9.030(b)(2)(B), Fla.R. App.P.[1] We deny the petition for certiorari in both cases.
Petitioners were separately stopped for driving under the influence (DUI) contrary to section 316.1934, Florida Statutes, and upon arrest were administered breathalyzer tests. Defense counsel filed motions to suppress the results of the tests taken, contending that mandatory inspection and maintenance of the machine required by section 316.1934(3), Florida Statutes, and Rule 10D-42.24, Florida Administrative Code, had not been performed. The county court denied the motions and petitioners were separately tried by jury and found guilty of DUI. On appeal to the circuit court, the denial of the motions was affirmed.
We agree with the circuit court's decision that the denial of petitioners' motions to suppress was not in error. Section 316.1934(3) provides that a chemical analysis of a person's breath must have been performed "substantially in accordance with methods approved by the Department of Health and Rehabilitative Services." The statute further provides that any insubstantial differences between the approved techniques and actual procedures "shall not render the test or test results invalid." Rule 10D-42.24 requires monthly inspections of all breathalyzer machines. Although no monthly inspection was made of the machine in question during the month of May, petitioner Gent was administered the test on April 9, 1986, five days following the last inspection date, and only 39 days had elapsed when Ridgeway was given the test. Under the circumstances, including absence of evidence of crucial significance of the period of delay, the failure to timely inspect the machine did not constitute a substantial deviation from HRS rules which would warrant an invalidation of the test results. The petitions for certiorari review are denied. See Combs v. State, 436 So.2d 93 (Fla. 1983).
MILLS and NIMMONS, JJ., concur.
NOTES
[1] The petitions were filed separately and were consolidated for appeal by this court sua sponte.