539 So.2d 600 (1989)
Juan PEREZ, a/K/a Pedro Hernandez, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 87-1350, 87-1374.
District Court of Appeal of Florida, Third District.
March 14, 1989.
Bennett H. Brummer, Public Defender, and Lisa Berlow-Lehner, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott and Giselle Lylen, Asst. Attys. Gen., for appellee.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal by the defendant Juan Perez from (1) a judgment of conviction and sentence for armed robbery based on an adverse jury verdict entered below, and (2) an order revoking his probation based on the above armed robbery conviction and judgments of conviction and sentences thereafter entered for burglary and grand theft. The defendant raises two points which, we conclude, do not rise to the level of reversible error. We accordingly affirm.
First, we conclude that the trial court properly admitted the challenged evidence showing that the defendant fled when the police attempted to apprehend him. Bundy v. State, 455 So.2d 330 (Fla. 1984); cf. Merritt v. State, 523 So.2d 573 (Fla. 1988). Second, we conclude that the trial court properly denied the defendant's pretrial motion to suppress the photographic identifications in this case. We think the trial court could have concluded, based on conflicting evidence adduced below, that the police did not tell either of the eyewitnesses herein prior to their identifications that a picture of the robbery suspect in this case was contained in the photographs shown to them by the police; moreover, the trial court could have further concluded that the defendant's photograph, by virtue of its size, did not sufficiently stand out from the other photographs in the subject display so as to suggest that *601 the defendant should be identified as the perpetrator of the robbery herein. The weaknesses in the eyewitness identifications and in the photographic display were argued to the jury, and, we think, such weaknesses went to the weight, not the admissibility, of the photographic identification. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Grant v. State, 390 So.2d 341, 343-44 (Fla.), cert. denied, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1980); State v. Billue, 497 So.2d 712, 714-15 (Fla. 4th DCA 1986); Glas v. State, 329 So.2d 341, 342 (Fla. 3d DCA 1976); see also Zeigler v. State, 402 So.2d 365, 374 (Fla. 1981), cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982); Baxter v. State, 355 So.2d 1234, 1237-39 (Fla. 2d DCA), cert. denied, 365 So.2d 709 (Fla. 1978).
The final judgments of conviction and sentences, as well as the probation revocation order under review are, in all respects,
AFFIRMED.