# STATE OF FLORIDA v RINALDI
## Case No. 88-4686 TC A02
County Court, Palm Beach County

April 17, 1989

### APPEARANCES OF COUNSEL

**Robert Tardiff,** Assistant State Attorney, for plaintiff.
**Richard B. Barkin,** for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS MATTER WAS BEFORE THE COURT, pursuant to the Defendant's motion to suppress the results of her breath test, and the Court having heard testimony of witnesses, and argument of counsel, hereby denies the motion.

122

The Defendant raises several grounds, all but one of which were decided against the Defendant at the time of the hearing (and will not be reiterated herein). The Court reserved ruling on the remaining ground that the law enforcement officers failed to substantially comply with the rules and regulation of HRS. In particular, the Defendant alleges that she was not observed for twenty minutes prior to her test, as is required by HRS rule 10D-42.024(1)(f).

Trooper McClendon testified for the State that he had continuously observed the Defendant for the requisite period, during which she did not take anything by mouth nor regurgitate. However, on cross examination, his testimony was severely impeached by several prior inconsistent statements he made during a defense deposition. In answering the question regarding whether he observed the Defendant during the significant period, he answered on more than one occasion, in the deposition, that he wasn't because it was Trooper Woods' job. In explanation of the discrepancy in his statements, Trooper McClendon testified that he was in close proximity to the Defendant at all times while he was filling out paper work, and he would have notice whether the Defendant took anything by mouth or regurgitated.

This Court, in the case of *State v Hill,* 26 Fla.Supp.2d 82 (County Court, 15th Jud. Cir. 1987), previously held that the standard to be applied regarding whether there was substantial compliance, is whether the alleged violation prejudiced the Defendant by raising a legitimate question regarding the authenticity or scientific reliability of the test results. This standard finds support in the more recent cases of *Gargone v State,* 503 So.2d 421 (3d DCA 1987) and *Ridgeway v State,* 514 So.2d 418 (1st DCA 1987).

The first thing the Court must determine is whether there was a violation of the applicable rule. The Court finds that the State failed to carry its burden of proving that the Defendant was observed for the requisite period. This being the case, the Court must now apply the aforementioned standard to determine whether there was not withstanding the violation, substantial compliance with the rule; that is, that the Defendant was not prejudiced thereby.

The purpose of the particular rule is to make sure that there has been no alcohol consumed after the arrest (a very unlikely proposition at best), alcohol regurgitated into the Defendant's mouth, nor any alcohol trapped in her mouth by dentures or the like, that might cause the breath test to indicate a higher reading than the Defendant's actual blood/alcohol level.

Trooper Davis, a highly qualified expert in all areas of breath testing,

testified, that after having been made aware of the Defendant's breath test results, there is no way that, the so called "mouth alcohol" could have been present. This is so, according to Trooper Davis, because the instrument used in the Defendant's case is a sophisticated, computerized model that automatically detects the presence of "mouth alcohol" and prints out a message stating that it's present when detected. Trooper Davis testified further, that, although the machine can, under some highly unlikely circumstances, be fooled, that this possibility can pretty much be ruled out because the Defendant's two breath test results were in such close proximity to one another. He explained that mouth alcohol would cause the first test result to indicate a relatively high blood/alcohol reading in comparison to the second, such that the allowable tolerance differential between the two tests of .02% would be exceeded. This is so, according to Davis, because mouth alcohol is absorbed very quickly between the two tests.

The uncontradicted testimony of Trooper Davis convinces the Court, that although there was an apparent violation of HRS rules, this violation does not result in prejudice to the Defendant as the test results would appear to be scientifically reliable notwithstanding the violation.

DONE AND ORDERED, in West Palm Beach, Florida, this 17th day of April, 1989.