## STATE OF FLORIDA v KAPOOR

Case No. 88-0034AC (County Court Case No. 87-27806MM10)

Seventeenth Judicial Circuit, Broward County

August 23, 1989

### APPEARANCES OF COUNSEL

**James P. McLane,** Assistant State Attorney, for appellant.

**Steve M. Glerum,** for appellee.

### OPINION OF THE COURT

ROBERT B. CARNEY, Circuit Judge.

THIS CAUSE having come before this Court upon appeal of the Trial Court's Suppression of the Breath Evidence Results, and the Court having received and reviewed appellate briefs, and being fully

78

advised in the premises, makes the following finds of facts and conclusions of law:

FINDINGS OF FACTS:

1. On or about November 12, 1987 the Appellee, Sohan Kapoor was arrested and later charged with driving under the influence contrary to Fla. Stat. § 316.193(1).

2. A breathalyzer test was performed on the Appellee on or about November 12, 1987. The technician who performed the test failed to enter a required percentage on the acetone test. The acetone test was performed prior to the actual testing as part of a preventive maintenance checklist required both by Fla. Stat. § 316.1943(3) and Department of Health and Rehabilitative Services, Rule 10D-42.24. Instead of a numerical reading being placed the technician placed an "o.k." in the blank space where the percentage is normally placed.

3. The Appellee at the trial court filed a motion to suppress the breath evidence. This motion was granted by the trial court and the results of the tests were suppressed. The trial court held that the procedures implemented by the technician were not in substantial compliance with the Statute or HRS rules.

BASED ON THE FOREOING THIS COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. Pursuant to *Florida Statute Section* 316.1934(3), a chemical analysis of a person must have been performed in substantial compliance in accordance with methods approved by the HRS. The Statute further provides that "[A]ny insubstantial differences between the approved techniques and actual procedures . . . shall not render the test or test results invalid."

B. In *Ridgeway v State*, 514 So.2d 418 (Fla. 1DCA 1987) the court held that failure to timely inspect the [breathalyzer] machine did not constitute a substantial deviation from HRS rules which would warrant an invalidation of the test results.

C. Pursuant to *Ridgeway* and Fla. Stat. § 316.1934(3) both the courts and legislature did not intend for the substantial compliance language to be interpreted in such a strict manner to result in the suppression of evidence in cases where the deviations are insubstantial in preventive maintenance procedures.

D. Accordingly, we find that the insubstantial differences between the approved procedures and those implemented by the technician are in substantial compliance and do not warrant the test results to be found inadmissible.

79

WHEREFORE, it is ORDERED AND ADJUDGED that the Trial Court's Order Suppressing the Breath Evidence Results is REVERSED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301, this 23rd day of August, 1989.