555 So.2d 391 (1989)
The STATE of Florida, Appellant,
v.
Jessie Lee MILLER, Appellee.
No. 88-2335.
District Court of Appeal of Florida, Third District.
November 14, 1989.
Rehearing Denied February 13, 1990.
*392 Robert A. Butterworth, Atty. Gen. and Susan Odzer Hugentugler and Patricia Ann Ash, Asst. Attys. Gen., for appellant.
Bender, Bender, Chandler & Adair and Perry Adair, Homestead, for appellee.
Before NESBITT, BASKIN and COPE, JJ.
NESBITT, Judge.
The state appeals an order granting a motion to suppress results of a blood analysis test in a drunk driving case. The order was accompanied by a certified question propounded by the county court.
The defendant was charged with driving under the influence of alcohol and other driving related offenses. One hour and 20 minutes after he was stopped, he was given a chemical breath test to measure the alcohol content in his blood. The reading was 0.14 per cent. In a deposition, the state's toxicologist stated that he could not testify within a reasonable degree of scientific certainty what the defendant's blood alcohol level (BAL) was at the time he was driving and that the BAL could have been lower than .10 per cent when he was driving. The defendant filed a motion to suppress the results of the test, essentially alleging that the reading was irrelevant and did not prove his BAL at the exact time he was driving; thus, the prejudicial effect of the chemical test outweighed its probative value. The trial court granted the motion to suppress and certified the following question as involving an issue of great public importance:
Whether the numerical result of the blood alcohol test taken one and one half hour after the defendant's last operation of a motor vehicle is admissible evidence where the state's expert witness would testify that the numerical reading would not be the BAL at the time the defendant was operating the vehicle, where that witness was unable to testify what the defendant's BAL was at the time he was operating the vehicle, and where the witness testified that the BAL could have been lower than.10% at the time the defendant operated the vehicle.
The defendant argued, and the trial court held, that the results of a blood alcohol level test will only be admissible evidence to convict a person under section 316.193, Florida Statutes (1987), for driving under the influence if the state proves the accused's actual BAL at the time he was driving, and not the level some time thereafter. Following this reasoning, before a test result would be admissible, the state would be required to present supplementary evidence relating the test result back to the time of driving in order to prove that the BAL was .10 per cent or higher at the time of driving. This process is termed retrograde extrapolation. In order for the state to be able to extrapolate the BAL at the time of driving, numerous variables, including the period of consumption, how much was consumed, and the time of the last drink, among others, must be known and assessed. However, it may be that for some reason (such as here, the defendant's invocation of his Miranda rights), the state does not know all the variables necessary to relate the test result back to the time of driving.
By its clear and unambiguous terms, section 316.1934(2), Florida Statutes (1987),[1] provides that test results administered in accordance with sections 316.1932 or 316.1933, Florida Statutes (1987), shall be admissible *393 where otherwise not rendered inadmissible. Sections 316.1932 and 316.1933 outline procedures for administering breath, blood, and urine tests. It is noncompliance with these proper testing procedures which would render test results inadmissible. Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979), aff'd, 390 So.2d 62 (Fla. 1980). In this case, the adequacy of the testing procedure is not at issue.
Moreover, section 316.193(1), Florida Statutes (1987), provides that an accused may be convicted under that statute for driving under the influence if it is proven either that the person was affected by the alcohol to the extent that his normal faculties were impaired or that his blood alcohol level was .10 per cent or higher.[2]Layman v. State, 455 So.2d 607 (Fla. 5th DCA), review denied, 459 So.2d 1040 (Fla. 1984). But cf. Frazier v. State, 530 So.2d 986 (Fla. 1st DCA 1988) (Instruction that .10 per cent or more blood alcohol content was prima facie evidence that motorist was under the influence created unconstitutional mandatory rebuttable presumption.); Rolle v. State, 528 So.2d 1208 (Fla. 4th DCA 1988) (same). Accordingly, the state is not necessarily required to prove that an accused's BAL was greater than .10 per cent at the time of driving in order to convict him of driving under the influence of alcohol. The state may prove that based on the totality of admissible evidence, including the test result, the defendant's normal faculties were impaired. Although the timing of the BAL test may affect its accuracy, the question of timeliness is to be left to the trier of fact in each case. Once the test result is placed in evidence, a defendant may generally attack the accuracy of the test on any relevant ground.
While the issue presented here has never been decided by a Florida court, various other jurisdictions with drunk driving statutes equal or similar to Florida's have held that it is not necessary to relate the BAL test result back to the time of driving in order for the result to be admissible evidence in a drunk driving case. Instead, the result is admissible and any time lapse in the test's administration or failure to extrapolate the result back to the time of driving goes to the weight of the evidence, not its admissibility. See e.g., Fuenning v. Superior Court, County of Maricopa, 139 Ariz. 590, 680 P.2d 121 (1983); State v. Knoll, 110 Idaho 678, 718 P.2d 589 (Idaho Ct. App.), review denied, 116 Idaho 466, 776 P.2d 828 (1986); Commonwealth v. Slingerland, 358 Pa.Super. 531, 518 A.2d 266 (1986); People v. Kappas, 120 Ill. App.3d 123, 76 Ill.Dec. 1, 458 N.E.2d 140 (1983); State v. Bence, 29 Wash. App. 223, 627 P.2d 1343 (1981).
As the New Jersey Supreme Court reasoned in State v. Tischio, 107 N.J. 504, 527 A.2d 388 (1987), the essence of the drunk driving offense is operating a vehicle after consuming too much alcohol. Thus, the BAL test is relevant and admissible if given within a reasonable time after the defendant is stopped, regardless of whether or not extrapolation is possible. Otherwise, people could drink a large quantity of alcohol, get in their cars, and become "moving time bombs." We agree with the New Jersey court's statement that "the law was not intended to encourage a perilous race to reach one's destination, whether it be home or the next bar, before the blood alcohol concentration reaches a prohibited level." Id. 527 A.2d at 396.
Consequently, we hold that based on the applicable statutes and the clear weight of authority on the issue, the result of a properly administered test measuring the accused's BAL is relevant evidence, and any failure of the state to extrapolate the result back to the time of driving goes to the weight given to the evidence rather than its *394 admissibility. Because the issue involved here is one of great public importance, we certify the question presented to the Supreme Court of Florida.
We thus answer the certified question in the affirmative and reverse and remand the case for further proceedings consistent with this opinion.
NOTES
[1] Section 316.1934(2) provides:

Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving, or in actual physical control of, a vehicle while under the influence of alcoholic beverages or controlled substances, when affected to the extent that his normal faculties were impaired or to the extent that he was deprived of full possession of his normal faculties, the results of any test administered in accordance with s. 316.1932 or s. 316.1933 and this section shall be admissible into evidence when otherwise admissible, ... .
[2] Section 316.193(1)(a) and (b) provide:

Driving under the influence; penalties. 
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired; or
(b) The person has a blood alcohol level of 0.10 per cent or higher.