## STATE OF FLORIDA v JESSUP

Case No. 88-0462-AC A02 (County Court Case No. 88-19915TC A02)

Fifteenth Judicial Circuit, Palm Beach County

December 19, 1989

### APPEARANCES OF COUNSEL

**Robert Jaegers, Esquire,** Assistant State Attorney, for appellant.

**Theodore S. Booras, Esquire,** for appellee.

Before CARLISLE, COHEN, MILLER, JJ.

## OPINION OF THE COURT

CARLISLE, J.

BY ORDER OF THE COURT:

The State appeals from the trial court's order suppressing breathalyzer test results for failure to comply with Florida's Department of Health and Rehabilitative Services' Regulation 10D-42.024, which requires the analysis of two breath samples taken five minutes apart. In this case two breathalyzer tests were performed, one at 2:22 a.m. with a reading of .17% and one at 2:29 a.m. with a reading of 1.98%. At the hearing Officer Walasek testified that the second test had been delayed because the defendant did not blow hard enough. At deposition, however, he had testified that the defendant gave a good sample.

316.1934(3) F.S. requires that breathalyzer tests be performed "substantially in accordance with the methods approved by the Department of Health and Rehabilitative Services." Rather than 5 minutes apart the breath samples were collected 7 minutes apart.

The State is not required to show that the deviation did not affect the reliability of the tests. To the contrary, the defendant has the burden of showing that it did, *State v Bender,* 382 So.2d 697 (Fla. 1980). We recently held in *Donaldson v State,* 39 Fla.Supp.2d 53 (15th C.C. App. 1989), that when the State shows that a licensed operator conducted a test on an approved machine in accordance with the check list furnished by the Department of Health and Rehabilitative Services that it has met its burden. In view of the liberal discovery procedure provided by the Rules of Criminal Procedure, it is much more efficient to require defendant to show how some lapse or error adversely affected the test. In *Ridgeway v State,* (1DCA 1987), 514 So.2d 418, the test was administered thirty-nine days after the last inspection. Despite the injunction of Regulation 10D-42.024, that instruments be inspected at least once each calendar month, the First District Court of Appeal held:

> "In the absence of evidence that the delay was of crucial significance, the failure to timely inspect the machine did not constitute a substantial deviation from the rule which would warrant an invalidation of the test results."

Here there is no evidence that the two minute delay prejudiced the defendant. The trial court erred in placing the burden of proof on the State to show that the deviation did not affect the overall result.

We reverse.

COHEN, MILLER, JJ., concur.