PER CURIAM.
Bruce Hester, defendant below, appeals his convictions for armed burglary, aggravated assault and battery. We affirm.
First, defendant’s contention under Richardson v. State, 246 So.2d 771 (Fla.1971), is misplaced. The trial court did conduct a Richardson inquiry and there was no objection to the scope of the inquiry which was conducted. To the contrary, with regard to the argument of undue delay now made on appeal, the defense represented to the trial court that the article of clothing at issue had been disclosed to the defense the same day the State obtained it. The motion under Richardson was properly denied.
Second, we conclude that the trial court did not abuse its discretion in admitting the restraining order into evidence. It was relevant on the issue of the victim’s consent. Defendants’ arguments about the order go to the weight to be accorded it, not its admissibility. See State v. Miller, 555 So.2d 391, 393 (Fla. 3d DCA 1989); Perez v. State, 539 So.2d 600, 601 (Fla. 3d DCA 1989).
Finally, the wallet and keys were properly admitted both to establish the entire context out of which the criminal conduct arose, Smith v. State, 365 So.2d 704, 707 (Fla.1978), and to rebut the defendant’s assertion that the encounter with the victim was consensual. See Ray v. State, 522 So.2d 963, 966-67 (Fla. 3d DCA 1988). See generally State v. Jackson, 281 So.2d 353 (Fla.1973).
Affirmed.