## STATE OF FLORIDA v OAKLEY
Case No. 90-3AC (Lower Court Case No. 86-3873MM10A)
Seventeenth Judicial Circuit, Broward County
August 14, 1991

### APPEARANCES OF COUNSEL
**Lynn Waxman,** Assistant Attorney General, for appellant.
**George T. Pallas, Esquire,** for appellee.
Before STANTON S. KAPLAN, Circuit Judge.

### OPINION OF THE COURT

THIS CAUSE comes before the Court upon mandate of the Fourth

District Court of Appeals. The State initially appealed a number of trial court orders to this Court. Subsequently, the county court certified two questions of great public importance to the Fourth District Court of Appeals. Thereafter the State voluntarily dismissed the appeal pending before this Court.

However, the District Court dismissed the appeal before it and transferred the case back to this Court.

The State appeals from the trial court orders dated April 4, 1988, May 5, 1988, and September 23, 1988. These orders are identical except for the inclusion of certified questions in the latter two. The trial court granted the defendant's Motion to Dismiss and defendant's Motion in Limine regarding the admissibility of the numerical results of chemical breath tests. The Appellee cross-appeals the trial court's order dated April 11, 1988 denying his Motion for Discharge.

Appellee, STEVEN EDWARD OAKLEY was stopped for exceeding the speed limit on February 25, 1986 at 9:34 p.m. He was traveling in the southbound lane of Interstate 95 in Broward County, Florida. At the roadside and upon the request of the arresting officer, Oakley performed three (3) physical sobriety tests. Oakley was then transported to a Broward Sheriff's Office DUI testing station where, on video, he refused to again perform the aforementioned physical tests.

At the station, upon the request of a law enforcement officer, Oakley submitted to two (2) chemical breath tests. The tests, administered at 11:20 and 11:23 p.m. or approximately one hour and forty-five minutes after the Appellee was last behind the wheel, resulted in blood alcohol levels (BAL) of 0.14%.

No state witness is able to perform retrograde extrapolation to determine what Appellee's blood alcohol level was at the time he was driving, or in actual physical control, of his vehicle or, indeed, whether his blood alcohol level was in excess of 0.10% at that time.

Thereafter, the State filed an Information which alleged that Oakley drove, or was in actual physical control of, a vehicle while he was under the influence of an alcoholic beverage to the extent that his normal faculties were impaired, or with a blood alcohol level of 0.10% or above, contrary to Florida Statutes section 316.193(1). The State, at trial, intended to offer the 0.14% readings as proof of the element of impairment in section 316.193(1)(a) pursuant to the presumption of impairment contained in section 316.1934(2)(c), Florida Statutes. Moreover, the State intended to use the readings to prove the element of blood alcohol level of 0.10% or above contained in section 316.193(1)(b).

**73**

At the time the trial court entered its orders below, Florida courts had not addressed the issue of whether expert testimony, extrapolating a defendant's blood alcohol level test results back to the time of his vehicular offense, is required for the State to prove all elements of its prima facie case of driving while under the influence of alcohol.

The trial court based its decision on precedent from a foreign jurisdiction. *See State v Dacey,* 418 A.2d 856 (Vt. 1980); *State v Dumont,* 499 A.2d 787 (Vt. 1985); and *Commonwealth v Hartman,* 119 A.2d 211 (1956). These cases stand for the proposition that expert testimony relating the test results back to the time of operation is an essential predicate to trigger the statutory presumption of impairment.

However, it is Appellant's position that this was not the controlling law in Florida. The State advances the theory that the lack of expert retrograde extrapolation testimony or a delay in the administering of a chemical test goes to the weight, rather than the admissibility, of test results. In its brief, Appellant further points out that the foreign precedent the trial court relied upon represented the minority view in this country and cited a plethora of caselaw from sister state courts which represents the majority position (Appellant's brief 10-12).

The Appellant's position in the case at bar has recently been adopted in *State v Miller,* 555 So.2d 391 (Fla. 3d DCA 1989) rehearing denied. The court held that "[B]y its clear and unambiguous terms, section 316.1934(2) Florida Statutes (1987), provides that test results administered in accordance with section 316.1932 or 316.1933, Florida Statutes (1987) *shall* be admissible where otherwise not rendered inadmissible." (There, as in the case at bar, the adequacy of the testing procedure is not at issue.)

The court pointed out that, "an accused may be convicted under the statute for driving under the influence if it is proven *either* that the person was affected by the alcohol to the extent that his normal faculties were impaired *or* that his blood alcohol level was .10 per cent or higher." The court went on to cite numerous sister jurisdictions which held results to be admissible and any time lapse in the test's administration or failure to extrapolate the result back to the time of driving to go to the weight of the evidence, not the admissibility. *Id.* at 393 (Emphasis in the original) (citations omitted). *Haas v State,* 567 So.2d 966 (Fla. 5th DCA 1990); *Gallagher v State,* 570 So.2d 442 (Fla. 3d DCA 1990).

In *Miller, supra.,* the chemical test was administered one hour and twenty minutes after Miller was behind the wheel. In the case at bar, Oakley was administered two chemical breath tests approximately one hour and forty-five minutes after he was last behind the wheel.

74

Therefore, based upon the Appellant's argument, which has been subsequently adopted by a number of Florida courts, this Court finds that the trial court erroneously granted Defendant's Motion in Limine excluding the chemical test results. This alone warrants reversal.

However, the trial court also erred in granting Defendant's Motion to Dismiss. Appellant filed a timely Traverse to Appellee's Motion which specifically denied material facts alleged in the Motion to Dismiss. This requires automatic denial of defendant's Motion to Dismiss. *Ellis v State,* 346 So.2d 1044 (Fla. 1st DCA 1977); *State v Hamlin,* 306 So.2d 150 (Fla. 4th DCA 1975); and *State v Oberholtzer,* 411 So.2d 376 (Fla. 4th DCA 1982).

Accordingly, it is hereby ORDERED and ADJUDGED that the trial court's orders dated April 4, 1988, May 5, 1988 and September 23, 1988 granting Appellee's Motion In Limine and Motion to Dismiss are REVERSED and REMANDED for proceedings consistent with this opinion. Further, the order dated April 11, 1988, denying Appellee's Motion for Discharge is hereby AFFIRMED.

DONE and ORDERED in chambers, at Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Broward County, Florida, 33301, this 14th day of August, 1991.