559 So.2d 654 (1990)
Lauren Frank ANDERSON, Misener Marine Construction Company and International Insurance Company, Appellants,
v.
Donald E. WATSON, Appellee.
No. 89-01292.
District Court of Appeal of Florida, Second District.
March 16, 1990.
Rehearing Denied April 26, 1990.
Michael S. Rywant of Rywant & Alvarez, P.A., Tampa, for appellant Lauren Frank Anderson.
Thomas J. Roehn of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellants Misener Marine Const. Co. and Intern. Ins. Co.
E.B. Rood of Rood & Associates, Tampa, for appellee.
PER CURIAM.
We reverse the trial court's order granting a new trial in this personal injury case which arose out of an automobile accident.
The trial court's basis for granting a new trial was that "the cumulative effect of some improper comments of defendants' counsel during trial and in final argument concerning the plaintiff's earlier DUI conviction, the so-called "MARY CARTER" agreement, and their personal opinions as to the creditability of witnesses, combined with judicial error of the court to preclude a fair trial for the plaintiff." It is clear, especially from the lack of reference in the order to any particular error of the trial court at trial and from the arguments on appeal, that the trial court's central concern was with the comments of defendants' counsel.
Because there was no objection by plaintiff's counsel to any of the comments, errors in permitting the comments to stand must have met one of two requirements in order to justify a new trial. They must have been so fundamental as to have deprived the plaintiff of a fair trial or their collective import must have been so extensive as to pervade the trial and gravely impair a calm and dispassionate consideration of the evidence and the merits by the jury. Gregory v. Seaboard System R.R., Inc., 484 So.2d 35, 38 (Fla.2d DCA 1986); Wasden v. Seaboard Coast Line R.R., 474 So.2d 825, 829 (Fla. 2d DCA 1985).
After careful consideration in light of the principles expressed in Gregory and Wasden, we conclude that the comments of defense counsel with which the trial court in this case was concerned met neither of those requirements. No useful purpose would be served by our embarking here upon a lengthy factual and legal analysis of the comments in the context of the entire five day trial, as the briefs of the parties have done. Any such analysis would do little more than return again and again to the controlling principles which have already been well-expressed in Gregory and Wasden. The following remarks of Judge Letts in Nelson v. Reliance Insurance Co., 368 So.2d 361, 362 (Fla. 4th DCA *655 1978), as quoted in Wasden, 474 So.2d at 832, are pertinent:
We view, with some skepticism, appellant's ... cries that comment by opposing counsel below deprived him of a fair and impartial trial, when not so much as an objection was deemed necessary upon the occasion of the supposedly fatal utterances. We must assume that silence from experienced counsel is a judgment play predicated on his or her concept of how the trial is going. As such the failure to object constitutes intentional trial tactics, mistakes of which are not to be corrected on appeal simply because they backfire, save in the most rare of circumstances... .
Reversed and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and LEHAN and PARKER, JJ., concur.