570 So.2d 1343 (1990)
The STATE of Florida, Petitioner/Appellant,
v.
Dennis ESCOBAR and Douglas Escobar, Respondents/Appellees.
Nos. 90-1303, 90-1378.
District Court of Appeal of Florida, Third District.
September 11, 1990.
Rehearing Denied October 22, 1990.
*1344 Robert A. Butterworth, Atty. Gen., Janet Reno, State Atty., and Paul Mendelson, Asst. State Atty., for petitioner/appellant.
John H. Lipinski and Maria Brea Lipinski, for respondents/appellees.
Before BASKIN, JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
In consolidated matters, the State appeals an order excluding a statement made by Douglas Escobar and petitions for certiorari review of an order excluding evidence of collateral crimes. For the following reasons, we reverse the order on appeal, grant certiorari, and quash the order excluding evidence of collateral crimes.
On March 30, 1988, Douglas and Dennis Escobar were stopped by Miami police officer Victor Estefan for a traffic violation. After the stop, Dennis Escobar allegedly exited the vehicle and shot Officer Estefan, who died from his wounds. The Escobars were arrested in California on April 27, 1988, following a shoot-out with two California Highway Patrol officers who stopped the Escobars' vehicle for a traffic violation.
The State of Florida procured a fourcount indictment charging the Escobars, inter alia, with Estefan's murder. Subsequently, the State filed a notice of intent to offer evidence of other crimes, wrongs, or acts pursuant to section 90.404(2), Florida Statutes (1987).[1] Specifically, the State sought to introduce: (1) Evidence of two prior California warrants outstanding against Douglas Escobar at the time of the Estefan shooting for robbery and for unlawful flight to avoid prosecution; (2) a statement made by Douglas Escobar to his neighbor Angel Bonilla in early 1988 prior to the Estefan shooting; (3) evidence that the Escobars fled from and engaged in a shoot-out with California Highway Patrol officers one month after the Estefan shooting. Both defendants moved to exclude this evidence as irrelevant and prejudicial.
At the hearing on the State's notice of intent to rely on evidence of other crimes, wrongs, or acts, the trial judge denied admission of the warrants, the evidence of the California shoot-out, and the statement made to Bonilla finding that the evidence sought to be introduced was inadmissible under the "Williams Rule," section 90.404(2), Florida Statutes (1987).
Turning first to the issue on appeal, we conclude that Douglas Escobar's statement to Angel Bonilla that Douglas "carried a gun, and if the police stopped him he was going to shoot it out with him because there was no way he was going to go back to jail and rot there," was relevant and *1345 admissible to establish defendants' motive for the murder of Officer Estefan, namely, to keep Douglas out of jail. See Jackson v. State, 498 So.2d 406, 410 (Fla. 1986) (appellant's statement that "she wasn't going back to jail" relevant and admissible to prove appellant's motive for killing police officer), cert. denied, Jackson v. Florida, 483 U.S. 1010, 107 S.Ct. 3241, 97 L.Ed.2d 746 (1987). Douglas's statement was also admissible as an admission against interest under section 90.803(18), Florida Statutes (1987).[2] The fact that Dennis was the alleged "triggerman" in the Estefan shooting does not affect the statement's admissibility. "The term `admission' in section 90.803(18) is not limited specifically to those admissions made by the defendant himself. The term also encompasses statements made by someone acting in concert with the defendant... ." State v. Brea, 530 So.2d 924, 925 (Fla. 1988). Here, the indictment charged the Escobar's with Estefan's murder as joint actors and principals with a common plan or scheme. Douglas's statement is admissible against both defendants.
Turning to the issues raised by the State in its petition for certiorari, we conclude that the trial court departed from the essential requirements of the law in excluding evidence that one month after the murder of Officer Estefan the defendants fled from and engaged in a shoot-out with California Highway Patrolmen who were attempting to apprehend the Escobars for a traffic violation. When suspected persons in any manner attempt "to escape or evade a threatened prosecution by flight, concealment, resistance to lawful arrest, or other indications after the fact of a desire to evade prosecution, such fact is admissible, being relevant to the consciousness of guilt which may be inferred from such circumstances." Straight v. State, 397 So.2d 903, 908 (Fla.) (citations omitted), cert. denied, Straight v. Florida, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981). See Perez v. State, 539 So.2d 600 (Fla. 3d DCA 1989) (evidence that defendant fled when police attempted to apprehend him admissible). Here, the Escobars were willing to use deadly force to try to avoid arrest. This evidence is probative of defendants' mental state and is, therefore, admissible. Straight, 397 So.2d at 908.
Evidence of the California shoot-out was also relevant to establish Douglas's involvement in the Estefan murder in view of his asserted defense that Dennis was the primary perpetrator and triggerman in the killing. See Remeta v. State, 522 So.2d 825 (Fla.) (testimony regarding robberies and murders committed by defendant in Texas admissible to refute defendant's statements blaming accomplice for similar crimes committed in Florida), cert. denied, Remeta v. Florida, 488 U.S. 871, 109 S.Ct. 182, 102 L.Ed.2d 151 (1988); Baker v. State, 241 So.2d 683 (Fla. 1970) (evidence that codefendant was actor in another robbery three or four hours after crime charged relevant to question of his involvement in the crime charged); Cornelius v. State, 457 So.2d 579 (Fla. 2d DCA 1984) (participation by defendant wife with her husband in prior criminal act was sufficient to justify admission of prior act under "Williams Rule" notwithstanding that wife was principal actor in crime charged and not principal actor in prior criminal act).
Evidence that outstanding warrants existed against Douglas Escobar at the *1346 time of the Estefan shooting is likewise admissible. This evidence is relevant to show the defendants' motive and intent for the Estefan murder. In Grossman v. State, 525 So.2d 833, 837 (Fla. 1988), cert. denied, Grossman v. Florida, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989), the Florida Supreme Court held that at defendant's trial for first-degree murder of a police officer, evidence that at the time of the murder the defendant was on probation and had stolen a gun which violated his probation was admissible and relevant to his motive for killing the officer. In McVeigh v. State, 73 So.2d 694 (Fla.), appeal dismissed, McVeigh v. Florida, 348 U.S. 885, 75 S.Ct. 210, 99 L.Ed. 696 (1954), evidence was introduced that at the time of the murder of a police officer who had custody of the defendant following a traffic violation, a California court had revoked his probation and issued a bench warrant for his arrest. In upholding the admissibility of this evidence, the Florida Supreme Court reasoned: "Under this state of facts it was perfectly apparent why defendant did not want to go to the police station where he would be confronted with his criminal history. Even though such evidence proved the commission of another and different crime, it was admissible to show motive." McVeigh, 73 So.2d at 696 (citations omitted). Similarly, in Johnson v. State, 130 So.2d 599, 600 (Fla. 1961), the Florida Supreme Court held that evidence that the accused was wanted by the police at the time he shot a police officer was relevant and admissible to show motive even though the evidence disclosed the commission of a prior offense. In accordance with the foregoing authorities, the existence of outstanding warrants against Douglas Escobar is clearly relevant to show Douglas's motive for participating in the murder. The warrants are likewise admissible to show Dennis Escobar's motive for shooting Officer Estefan. Dennis clearly could have been motivated to shoot Officer Estefan to keep his brother out of jail. Without this evidence, the jury would be left to wonder why defendants would flee from and shoot Officer Estefan, who was stopping the defendants for a simple traffic violation. See Blanco v. State, 447 So.2d 939 (Fla. 3d DCA 1984) (in defendant's trial for attempted first-degree murder, evidence that defendant's companion was wanted by police was relevant and admissible to give jury intelligible account of entire criminal episode from which crimes charged occurred). It is enough, however, that the jury be advised that Douglas was wanted by California authorities. The warrants themselves need not be admitted.
We conclude that the trial court erred in excluding relevant admissible evidence. Accordingly, we reverse the order excluding evidence of the statement made by Douglas Escobar. We likewise grant certiorari and quash the order excluding evidence of the California shoot-out and of the warrants against Douglas Escobar.
Case No. 90-1378: Certiorari granted; order quashed. Case No. 90-1303: Reversed and remanded for further proceedings.
NOTES
[1] Section 90.404(2) provides:

(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
[2] Section 90.803(18), setting forth a hearsay exception for admissions where the availability of the declarant is immaterial, defines the term as follows:

(a) His own statement in either an individual or a representative capacity;
* * * * * *
(e) A statement by a person who was a coconspirator of the party during the course, and in furtherance, of the conspiracy,
See also Black's Law Dictionary 44 (5th ed. 1979), defining "admissions" as "statements by a party, or someone identified with him in legal interest, of the existence of a fact which is relevant to the cause of his adversary."