598 So.2d 219 (1992)
Ralph Cecil JONES, Jr., et al., Appellants,
v.
Margaret J. STEVENSON, etc., et al., Appellees.
No. 91-1766.
District Court of Appeal of Florida, Fifth District.
May 8, 1992.
*220 John A. Forgas, III and Harold H. Catlin of Saalfield, Catlin, Coulson, & Etheridge, P.A., Jacksonville, for appellants.
Jeffrey R. Garvin of Garvin & Tripp, P.A., Fort Myers, for appellee Stevenson.
No appearance for appellee Martin Paving Co.
GOSHORN, Chief Judge.
This appeal is from an order granting a new trial entered after the jury found that the appellants were not liable on Stevenson's wrongful death claim. We reverse.
In deciding Stevenson's motion for a new trial, the trial court properly considered the credibility of the witnesses. See Smith v. Brown, 525 So.2d 868, 870 (Fla. 1988). Although the trial court expressly found that the witnesses for both sides were credible, the trial court concluded that the jury's verdict was against the manifest weight of the evidence. This conclusion was error. A jury verdict is contrary to the manifest weight of the evidence only when the evidence is "clear, obvious, and indisputable." Perenic v. Castelli, 353 So.2d 1190, 1192 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1211 (Fla. 1978).
In this case, the evidence was conflicting, but equally compelling in favor of both the appellants and Stevenson. Therefore the issue of whether the appellants were negligent was a factual dispute properly resolved by the jury. Given the court's finding that the witnesses for both sides were credible, we find that the trial court abused its discretion by improperly reweighing the evidence. See Phar-Mor of Florida, Inc. v. Steuernagel, 550 So.2d 548 (Fla. 2d DCA 1989). Accordingly, we reverse the order granting a new trial and remand the cause with instructions to reinstate the jury's verdict.
REVERSED and REMANDED.
COBB and COWART, JJ., concur.