722 So.2d 879 (1998)
Johnny FERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-1757.
District Court of Appeal of Florida, Third District.
November 25, 1998.
*880 Richard Docobo, Miami; Michael J. O'Kane, Coral Gables, for appellant.
Robert A. Butterworth, Attorney General, and Sandra S. Jaggard, Assistant Attorney General, for appellee.
Before NESBITT, GODERICH and SHEVIN, JJ.
SHEVIN, J.
Johnny Fernandez appeals a judgment of conviction for second degree murder of Tovias Daniels. We affirm.
Two days before the murder, the victim's sister saw Fernandez driving a white fourdoor car; there was a passenger in the car. Fernandez drove up to speak with Elisha Vaughn, one of the victim's friends; Fernandez then shot and wounded Vaughn. The victim's sister testified that there was bad blood between Fernandez, her brothers, and their friends.
Daniels's murder occurred in the same area as the Vaughn shooting. At the time of the murder, neighbors heard gunshots and saw a white four-door car leaving the scene. A neighbor had observed the car earlier and had seen a white or Hispanic male exit the car. Daniels's body was found sometime later. Bullet casings recovered at both shootings came from the same gun.
One month after the shootings, Orlando policemen stopped Fernandez. Upon searching the nearby area, the police found a gun. Fernandez ran away when the gun was discovered. Lab tests showed that the gun was used in both shootings. Fernandez was charged with the murder of Tovias Daniels.
At trial, the court permitted the state to introduce collateral crimes evidence of the Vaughn incident, and Fernandez's theft of a white car, to show identity and motive, and to introduce evidence of Fernandez's sudden flight from the Orlando police as evidence of constructive possession of the gun. The court also admitted Detective Frisenda's hearsay testimony, reiterating the car owner's statement that Fernandez had stolen the white four-door car, and Detective Calvar's testimony concerning defendant's possession of a white car. The car owner never testified; she could not be located. Fernandez was convicted as charged.
On appeal, Fernandez asserts that the trial court abused its discretion in admitting evidence of the Vaughn shooting. We find no error in the admission of this evidence. In Bryan v. State, 533 So.2d 744, 746 (Fla.1988), cert. denied, 490 U.S. 1028, 109 S.Ct. 1765, 104 L.Ed.2d 200 (1989), the Florida Supreme Court announced that the introduction of other crimes evidence is not limited to "similar fact crimes." Evidence of factually dissimilar crimes is admissible if it is relevant. Bryan, 533 So.2d at 746. Here, both crimes occurred in the same area, and involved the same gun and the same automobile. Evidence of the prior shooting was relevant to issues of identity and motive and was properly admitted.
Fernandez also argues that the court improperly admitted evidence that he fled from the Orlando police. However, the trial court instructed the jury that the evidence of flight was only to be considered in relation to possession of the weapon. Evidence of flight is admissible as relevant to "consciousness of guilt which may be inferred from such circumstances[.]" Escobar v. State, 699 So.2d 988, 995 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1512, 140 L.Ed.2d 666 (1998). Here, the evidence of flight was relevant to demonstrate that the gun was Fernandez's and to refute his claim to the contrary.
*881 Finally, we consider Fernandez's contention that the court abused its discretion in allowing the detective to testify as to the car owner's identification of the defendant as the person who stole her car. Ordinarily, a statement of identification is not hearsay, § 90.801(2)(c), Fla. Stat. (1995), if the person making the identification also testifies at trial. At the time the detective testified, the prosecution anticipated calling the owner as a witness. However, the state was unable to locate the witness. Fernandez's counsel did not object or move to strike the detective's testimony, thereby waiving any possible error in admitting the identification testimony. See Castor v. State, 365 So.2d 701 (Fla.1978).
Fernandez's remaining points lack merit.
Based on the foregoing analysis, we affirm the conviction.
Affirmed.