766 So.2d 1109 (2000)
The STATE of Florida, Petitioner,
v.
Katracy DAWSON, Respondent.
Nos. 3D00-1106, 3D00-1104.
District Court of Appeal of Florida, Third District.
August 16, 2000.
Robert A. Butterworth, Attorney General, and Lara Edelstein, Assistant Attorney General, for petitioner.
Howard Sohn, Miami, for respondent.
Before GODERICH, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
In these consolidated cases, the State of Florida petitions for a writ of certiorari asking us to quash trial court orders denying the State's motions to introduce Williams Rule evidence in two cases pending prosecution in the trial court. We deny the petitions.
In its well-reasoned order, the trial court correctly found that the proposed Williams Rule[1] evidence was not relevant and admissible to establish the defendant's identity as the perpetrator of the subject offenses. See Dixon v. State, 627 So.2d 1337 (Fla. 2d DCA 1993). The sole evidence that is similar among the two crimes are the nine-millimeter shell casings found at the scenes. Based on that comparison, the police showed the victim of the first crime a picture of defendant, who was arrested at the scene of the second offense; and the victim identified the person in the picture as the perpetrator. As the trial court correctly found, "even if the *1110 subject Williams Rule evidence is marginally relevant, its limited probative value is substantially outweighed by the danger of unfair prejudice to the Defendant...."
The state's argument that this information is crucial to its case overlooks the fact that in the first case, no doubt the victim will identify the perpetrator, and in the second case the police will identify the perpetrator as the person they ran over. Also, in the second case, the victim's property was found on the perpetrator's person. Hence, this Williams Rule evidence is not the sole means for the state to prove identity. Moreover, contrary to the state's argument, Amoros v. State, 531 So.2d 1256 (Fla.1988), does not require that we grant certiorari in this case. The two crimes at issue here are "not intertwined inextricably as they were in Amoros." Dixon, 627 So.2d at 1339.
In view of the foregoing, we cannot hold that the trial court abused its discretion in striking the Williams Rule notice. The state has not demonstrated that the trial court departed from the essential requirements of law in this case. See State v. Escobar, 570 So.2d 1343 (Fla. 3d DCA 1990).
We find no merit in defendant's objection to admission of evidence that he was in possession of the gun when he was arrested.
Certiorari denied.
NOTES
[1] See Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).