COPE, J.
Julio Enrique Lasprilla appeals his conviction for theft. We affirm.
During closing argument, the trial court sustained a State objection to a defense comment regarding the failure of two individuals to testify. The court sustained the objection under Haliburton v. State, 561 So.2d 248 (Fla.1990). We see no error.
The victim in the case testified that after cashing his paycheck, he went with two friends, Sarah and Laura, to buy marijuana at a nearby home. He said that while at the window of the home, the defendant came around the side of the house and held him up at gunpoint.
During opening statement, the prosecutor told the jury that the witnesses would include the victim, the detective who investigated the matter, and Sarah. The State had paid to fly Sarah to Miami from New York.
The victim testified at the trial. The detective testified regarding his investigation, including the fact that the victim and Sarah had separately identified the defendant in a photo lineup. Although Sarah was suppose to come to court from Homestead, Florida, where she was staying, she failed to appear.
The defendant testified, admitting he was present at the time of the incident, but denied that he committed any robbery. He maintained that the owner of the house had stolen the victim’s money.
During the defendant’s closing argument, defense counsel stated:
Steve Marrero [the victim] testified that there were two girls, a Sarah and a Laura, that he went over to that house.
And they sat in the car, because supposedly they were going to get drugs. And they were parked right in front, and they saw everything that happened. They didn’t come to this Court and testify-
[THE STATE]: Objection, [Halibur-ton ].
THE COURT: The objection is sustained.
[TR. 316.]
A sidebar conference followed, during which defense counsel said:
[DEFENSE COUNSEL]: One of your jury instructions is lack of evidence that shows the State hasn’t proven [its] case beyond a reasonable doubt. There is [a] reasonable lack of evidence[.][T]he two witnesses that were there and in a position to observe everything are not called. I think I can argue that.
*398 THE COURT: Haven’t you violated [Haliburton ] with regards to the Sarah situation where she is available to you?
[TR. 317],
The trial court sustained the objection, ruling that the defense could not argue that there had been a failure to call witnesses. The court stated, however, that defense counsel could argue that there was a lack of evidence in the case or a lack of corroboration of the victim’s testimony.
We conclude that the trial court’s ruling was correct. The Florida Supreme Court has said:
Appellant argues that the trial court erred in refusing to allow the defense, during closing argument, to comment upon Lee — an uncalled witness. Initially we observe that the defense in fact succeeded in commenting upon the absence of Lee’s testimony.
The purpose of closing argument is to help the jury understand the issues by applying the evidence to the law. Hill v. State, 515 So.2d 176, 178 (Fla.1987), cert. denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988). Thus, the purpose of closing argument is disserved when comment upon irrelevant matters is permitted. In State v. Michaels, 454 So.2d 560, 562 (Fla.1984), we said that
[w]hen such witnesses are equally available to both parties, no inference should be drawn or comments made on the failure of either party to call the witness.
We agree with the district court in Martinez v. State, 478 So.2d 871, 871 (Fla. 3d DCA 1985), review denied, 488 So.2d 830 (Fla.1986), that
an inference adverse to a party based on the party’s failure to call a witness is permissible when it is shown that the witness is peculiarly within the party’s power to produce and the testimony of the witness would elucidate the transaction.
(Emphasis added.) In the instant case, the witness was equally available to both parties. We hold that the trial judge did not err in limiting further comment.
Haliburton v. State, 561 So.2d at 250 (footnote omitted); see also Terry v. State, 668 So.2d 954, 962-64 (Fla.1996).
At the sidebar conference, both sides agreed that neither side had ever been able to locate Laura, who had been one of the passengers in the car. Both sides also agreed that the State had acted in good faith in flying Sarah to Miami. The failure of Sarah to appear at the trial was totally unexpected by both sides.[1]
The trial court was entirely correct in prohibiting any argument which stated, or implied, that an adverse inference should be drawn against the State for failure to call Sarah or Laura as witnesses. Id.; see also Lowder v. Economic Opportunity Family Health Ctr., Inc., 680 So.2d 1133 (Fla. 3d DCA 1996).
On this appeal, the defense argues that the objection should have been overruled because the State had told the jury in its opening statement that Sarah would testify. We need not explore that contention because the defense did not make that argument to the trial judge.
The defendant also argues that the State objection should have been overruled because during the State’s case-in-chief, the detective testified (without objection) that Sarah had identified the defendant in a photo lineup. While that fact was mentioned during the sidebar conference, the *399 defense did not argue it as a basis on which the trial judge should overrule the State’s objection to the defense argument about the failure of the State to call witnesses. Thus, we do not consider that argument further with respect to the Haliburton issue.[2]
As to the second issue, we agree with the State that the testimony the defense sought to elicit was eventually placed before the jury and we therefore need not consider whether there was any error in the application of the hearsay rule.
Affirmed.

. Sarah later appeared at the sentencing hearing. The record before us does not reveal why she failed lo appear at the trial.

. The defense in this case introduced evidence, so the State had the initial closing argument, followed by defense closing argument, to be followed by a State reply. See Fla. R.Crim. P. 3.250.
During the sidebar conference, the defense pointed out that when the detective testified, he stated that Sarah had identified the defendant in a photo lineup. This testimony had come in without objection, and rightly so. A statement of identification of this type is admissible as nonhearsay under paragraph 90.80 l(2)(c), Florida Statutes (2000), so long as the declarant testifies at trial and is subject to cross-examination concerning the statement. See generally Charles W. Ehrhardt, Florida Evidence § 801.9, at 705 (2002).
When Sarah failed to appear, the statement that she identified the defendant in a photo lineup could have been stricken as hearsay, see Fernandez v. State, 722 So.2d 879, 881 (Fla. 3d DCA 1998), but presumably defense counsel did not want to call additional attention to the identification.
In the State's initial closing, the State had made no mention of Sarah's photo identification. The defense request at sidebar was to prohibit the State from making any mention of that identification during its rebuttal. The State argued in substance that since the photo identification testimony was in evidence, it should be allowed to make a one-line statement about it in its closing, and the trial court so ruled. See id.