890 So.2d 401 (2004)
Ingrid HERNANDEZ, Appellant,
v.
Mildred FELICIANO, Appellee.
No. 5D03-3679.
District Court of Appeal of Florida, Fifth District.
December 23, 2004.
*402 Patrick J. Formella of the Law Offices of Stephen F. Lanosa, and Elizabeth C. Wheeler of Elizabeth C. Wheeler, P.A., Orlando, for Appellant.
Gregory C. Maaswinkel of Jeffrey M. Byrd, P.A., Orlando, for Appellee.
PETERSON, J.
Ingrid Hernandez appeals the trial court's order granting a new trial after a jury verdict rejected Mildred Feliciano's damage claim for personal injuries sustained in a motor vehicle accident.
Hernandez's vehicle was struck from behind by Feliciano's vehicle as Hernandez was making a right turn into a shopping center entranceway off Orange Blossom Trail in Orange County on a rainy afternoon. Feliciano claimed that she was unable to avoid colliding with Hernandez's vehicle because Hernandez turned her vehicle abruptly into her path without signaling in order to gain entrance to the shopping center. There were no third party witnesses to the accident.
*403 The trial court's decision to grant a new trial was based upon the weight of the evidence, its rejection of a stipulation as to the time of the accident and its post-trial opinion that it erroneously refused to give Feliciano's requested jury instruction regarding the inadmissibility of a traffic citation following an accident.

WEIGHT OF THE EVIDENCE
A trial court has broad discretionary authority to grant a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence. See, e.g., Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999). The Florida Supreme Court explained:
The trial judge's discretionary power to grant a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence is the only check against a jury that has reached an unjust decision on the facts. This discretionary power emanates from the common law principle that it is the duty of the trial judge to prevent what he or she considers to be a miscarriage of justice. The role of the trial judge is not to substitute his or her own verdict for that of the jury, but to avoid what, in the judge's trained and experienced judgment, is an unjust verdict.
Id. at 495 (citations omitted). The trial court should always grant a new trial if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record. Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959). The Florida Supreme Court also explained an appellate court's standard of review when considering an appeal of a trial court's order granting a new trial:
When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. The fact that there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion.
Brown, 749 So.2d at 497-98. In the instant case, the trial court did not find that the jury was improperly influenced by considerations outside the record. Instead, it apparently found that the jury had been deceived as to the force and credibility of the evidence by ruling that the manifest weight of the evidence shows that Hernandez was negligent. But the trial court's order does not address the conflicting nature of the evidence presented at trial. Absent from the trial court's findings is Hernandez's adamant denial that she cut-off Feliciano, that Hernandez testified to being squarely within the far right lane of Orange Blossom Trail for what she estimated to be 100 paces or at least one minute prior to the collision impact from behind. Hernandez further testified that she was already turning into the driveway of the shopping center when Feliciano rear-ended her. It is undisputed that the front right of Feliciano's car impacted with the rear left bumper of Hernandez's car and that Hernandez's car was pushed all the way into the driveway by the impact.[1] *404 This evidence could have indicated to the jury that Feliciano could have avoided the accident had she been paying proper attention. Additionally, Hernandez had to overcome the presumption that a rear driver in a rear-end collision is negligent. E.g., Clampitt v. D.J. Spencer Sales, 786 So.2d 570 (Fla.2001). The trial court abused its discretion in simply disagreeing with the finding of the jury on the issue of liability. E.g., Snider v. Bancroft Inv. Corp., 61 So.2d 184 (Fla.1952) (recognizing that mere disagreement with the verdict of a jury is not sufficient warrant for a new trial); see also Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla.1978) (recognizing that the province of the jury should not be invaded by a judge because he raises a judicial eyebrow at its verdict).
Although the trial court expressly found Hernandez to be "very honest," it ultimately found Feliciano to be more credible on the issue of liability. Liability, however, is the primary issue the jury was charged with determining and the trial court abused its discretion in reaching a decision on that essential issue based upon what, at most, was conflicting evidence. In doing so, the court merely substituted its own verdict for that of the jury's. Review of the record does not support the trial court's order because the evidence was not manifestly weighted to either side. E.g., Hillsboro Plantation, Inc. v. Plunkett, 59 So.2d 872 (Fla.1952) (holding that trial court abused its discretion in granting new trial because in doing so he was weighing the sufficiency of the evidence which was a jury function); Midtown Enterprises, Inc. v. Local Contractors, Inc., 785 So.2d 578 (Fla. 3d DCA 2001) (holding in action for breach of contract that the trial court abused its discretion by granting contractor a new trial after the jury returned a verdict in favor of subcontractor where trial court's reasons for granting a new trial were only based upon the weight of the evidence and the credibility of witnesses); Jones v. Stevenson, 598 So.2d 219 (Fla. 5th DCA 1992) (holding the trial court abused its discretion by improperly weighing the evidence, where after the jury found that defendants were not liable in a wrongful death claim, the trial court concluded that the verdict was against the manifest weight of the evidence, although it expressly found that the witnesses for both sides were credible, because the evidence was equally compelling in favor of both sides, and the negligence issue was a factual dispute properly resolved by the jury); Phar-Mor of Florida, Inc. v. Steuernagel, 550 So.2d 548 (Fla. 2d DCA 1989) (holding that in a negligence action arising out of a customer's slip-and-fall in a retail store, the trial court abused its discretion in granting a new trial to the plaintiffs, where the trial court had improperly acted as an "additional juror" in determining whether the defendants had done anything to warn its customers of a known hazard, and where the trial court had determined the issue on the basis of conflicting evidence). We conclude that the sole effect of the trial court's grant of a new trial on the issue of liability is to allow another jury to try the case as a result of dissatisfaction with the decision of the first jury.

THE STIPULATION
While a trial court has broad discretion when deciding whether to override *405 a jury's verdict on the ground that it is contrary to the manifest weight of evidence, ordering a new trial on the basis of a legal issue significantly reduces the discretionary authority that a trial court enjoys. E.g., Tri-Pak Machinery, Inc. v. Hartshorn, 644 So.2d 118 (Fla. 2d DCA 1994) (recognizing that while trial court has broad discretion to override jury's verdict and grant new trial on ground that verdict is contrary to manifest weight of evidence, that discretion is significantly reduced when motion concerns purely legal question; this is so because error involving purely legal question can be as accurately reviewed from appellate record as from trial judge's bench). Additionally, if an issue is not preserved prior to the post-trial hearing, the trial court's power to grant a new trial is further restricted to those exceptional errors that are fundamental. Id. at 120. Fundamental error is error which deprives a party of a fair trial  error which an objection and a curative instruction could not have prevented, and which gravely impairs a calm and dispassionate consideration of the evidence and the merits by the jury. E.g., Anderson v. Watson, 559 So.2d 654 (Fla. 2d DCA 1990). Lastly, it must be remembered that the very purpose of preserving error below is to afford the trial court a chance to consider an issue so as to obviate the need for a new trial. E.g., Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980). We will apply these principles to the two remaining issues in the instant appeal which involve alleged legal error.
First, Hernandez argues that the trial court erred in granting a new trial on the ground that the parties' stipulation as to the time of the accident was contrary to the testimony and evidence presented. In her motion for new trial and at the hearing on the matter, Feliciano asserted for the first time that the statement which was agreed to by the parties and contained in a joint stipulation confused the jury in light of the evidence adduced at trial regarding the time of the accident. At trial, Feliciano testified that the accident occurred around "3:40 p.m., 3:45 p.m.", and that she was not on her cell phone at the time of the accident. Notwithstanding the stipulation, Feliciano's cellular phone bill, which was placed in evidence by her, revealed four phone calls, the first being placed at 3:42 p.m. to her parents, and the last to a towing company at 3:54 p.m. The trial transcript also shows that during opening statement, Hernandez's counsel represented that the parties stipulated that the accident occurred about 3:45 p.m., but that Feliciano's cell phone records indicate that she made a two-minute phone call at 3:43 p.m., and informed the jury that it will have to consider the phone records in view of the stipulation. Similarly, during closing, Hernandez's counsel argued that while Hernandez testified that Feliciano was not on her cell phone, the jury should still consider the phone bill and determine whether Feliciano was either on the phone or fumbling with her phone at the time of the accident and that perhaps Feliciano was not keeping a proper lookout. In light of the parties' stipulation and the cellular phone bill in evidence, we view this as a fair argument by defense counsel. Even if we were to view the defense's argument as improper, there was no objection made to it, nor was there a request from Feliciano at trial that she be released from the stipulation. At most, there was a brief expression of concern about the stipulation by Feliciano while the jury was deliberating, but that belated concern did not constitute a request for a release from the stipulation or a request for a curative instruction on the matter. Any complaint about the stipulation and Hernandez's counsel's argument was untimely presented post-trial and not preserved for review. *406 E.g., Diaz, 384 So.2d at 907 (recognizing that any initial attempt to call a matter to court's attention subsequent to trial, so that another trial would be required if trial judge then agreed, is necessarily untimely). We also do not view the alleged error to be fundamental because a request for release from the stipulation or a curative instruction on the matter could have prevented prejudice, if any, to Feliciano. See, e.g., Celentano v. Banker, 728 So.2d 244 (Fla. 4th DCA 1998) (holding trial court lacked discretion to grant motion for new trial to plaintiff in personal injury action based on improper admission of prejudicial testimony, where error was not preserved for review, and was not fundamental); Keene v. Chicago Bridge and Iron Co., 596 So.2d 700 (Fla. 1st DCA 1992) (recognizing that comments made during closing argument could not serve as basis for new trial in absence of appropriate objection in trial court); Anderson, 559 So.2d at 654 (holding that for any errors in permitting comments of defendants' counsel to stand to justify new trial, when there was no objection by plaintiff's counsel to any of the comments, the comments must have been so fundamental as to have deprived plaintiff of fair trial, or the comments' collective import must have been so extensive as to pervade trial and gravely impair a calm and dispassionate consideration of evidence and merits by jury).

FAILURE TO GIVE INSTRUCTIONS
Lastly, Hernandez argues that the trial court erred by granting a new trial based on its failure to give the non-standard jury instruction requested by Feliciano. Feliciano responds by representing that there were three individuals at trial, one venireman and two jurors, that inquired about whether a police officer would be testifying about the accident and whether a traffic citation was issued. The record, however, reveals the following: Only one juror asked the court if a policeman would be testifying about the accident because this juror just wanted to know what would be happening in the case. From this, Feliciano inferred that the juror wanted to learn which of the parties received a traffic citation. The trial court specifically stated that it did not know what the juror wanted to hear, and that the trial court did not necessarily interpret the juror's question in the same way. Feliciano's counsel also suggested that a standard jury instruction be given advising the jury not to speculate as to matters outside the evidence. That instruction had already been given and the court promised to emphasize it again before jury deliberations. The next morning, Feliciano asked the court to deliver the following non-standard jury instruction:
Florida law does not permit the disclosure in civil proceedings the facts of whether or not any party to this litigation did or did not receive a traffic citation. Therefore, you should make your own determinations as to the liability of any party based solely upon the evidence presented, and not speculate as to other matters not contained within the record.
In requesting the above "curative" instruction, Feliciano represented that a juror previously asked whether a trooper would be called to testify about either party receiving a citation. Immediately, the trial court recalled that the juror had not said a word about a citation and that the citation aspect was injected by Feliciano. Denying the request for the special instruction, the trial court concluded that the issue was a red herring and that the specificity in the proposed instruction would do more damage than good. The trial court then offered to take up the issue again if counsel wished to go back and check the record as to the juror's inquiry. Significantly, *407 Feliciano did not accept the trial court's offer and no more was said about the special instruction. Even assuming that there were two other individuals, a venireman and, later, another juror, as asserted by Feliciano, each of who inquired about testimony concerning a citation, it still remains undisputed that Feliciano chose not to pursue her request for the special instruction. She failed to request it at the charge conference and when an alleged second juror inquired about a citation. If the trial court concluded that a new trial should be granted because it felt that it erred by not giving the special instruction on its own motion, that is an unreasonable view of the responsibility of a trial court. E.g., Saunders v. Smith, 382 So.2d 1254 (Fla. 4th DCA 1980) (recognizing that the trial court's failure to act sua sponte without a specific request by a party should not be grounds for a new trial except in the most severe case). In light of Feliciano's failure to pursue the matter further, the trial court did not err by failing to grant the request for the special instruction. We also note and agree with the trial court's observation that the jury could have inferred that either Feliciano received a citation for rear-ending Hernandez, or that Hernandez received a citation for improper lane change, thereby rendering any potential for prejudice equal for both sides.
We vacate the order granting a new trial and remand with instructions to reinstate the jury's verdict.
REVERSED and REMANDED.
SAWAYA, C.J., and THOMPSON, J., concur.
NOTES
[1] The jury could have concluded that the undisputed way in which the cars were impacted  damage to the Feliciano's front right bumper and damage to Hernandez's left rear bumper-supports Hernandez's assertion that she was in the process of pulling into the shopping center when the impact occurred and does not support Feliciano's assertion that Hernandez came out of nowhere and cut her off possibly because she was in Hernandez's blind spot. It is undisputed that Hernandez crossed from the center lane to the right lane. In such a scenario, the jury could have concluded that it is more plausible that damage would have occurred to the left side of Feliciano's car and the right side of Hernandez's car.