992 So.2d 330 (2008)
The STATE of Florida, Petitioner,
v.
Gerard WILLIAMS, Respondent.
No. 3D06-1902.
District Court of Appeal of Florida, Third District.
October 1, 2008.
Rehearing Denied October 14, 2008.
*331 Bill McCollum, Attorney General, and Maria T. Armas, Assistant Attorney General, for petitioner.
G.A. Gayoso, for respondent.
Before GERSTEN, C.J., and COPE and LAGOA, JJ.[1]
LAGOA, J.
The State petitions for a writ of certiorari quashing the trial court's order excluding evidence of collateral crimes. Because we find that the order departs from the essential requirements of the law and further find that the State lacks an adequate remedy, we grant the petition for writ of certiorari and quash the trial court's order.[2]
The defendant, Gerard Williams ("Williams"), was charged by information with three separate cases involving armed robberies: Case No. F04-30278 (robbery date: September 5, 2004);[3] Case No. *332 F04-30281 (robbery date: September 28, 2004);[4] and Case No. F04-30282 (robbery date: August 26, 2004).[5] Based on an examination of the casings, a firearms expert determined that the bullet casings recovered from all three robberies were fired from the same weapon.[6]
Pursuant to section 90.404(2), Florida Statutes (2005), the State filed a notice of intent to rely on evidence of other crimes, wrongs or acts. Specifically, the State sought to introduce: (1) at the trial of Case No. 04-30282, the facts of Case Nos. 04-30281 and 04-30278; (2) at the trial of Case No. 04-30281, the facts of Case Nos. 04-30282 and 04-30278; and (3) at the trial of Case No. 04-30278, the facts of Case Nos. 04-30281 and 04-30282. In response to the State's notice, Williams contended that although the casings recovered in all three crimes were fired from the same pistol, there were no striking similarities or unique characterizations that would warrant the introduction of the evidence of collateral crimes. In its reply, the State asserted that because the same gun was used in all three robberiesthe evidence of the other robberies, which included witness identification of the defendant as the robber/shooter, should be admitted to establish the defendant's identity.
After conducting a hearing on the matter, the trial court ruled that the evidence was not admissible. Specifically, the trial court found that the evidence was not relevant because the collateral crimes were not sufficiently similar to each other and had "no special character or are not so unusual as to point to the defendant." In its analysis, the trial court applied the similarity requirement used in cases in which the State is seeking to prove identity through modus operandi. Additionally, the trial court concluded that the evidence of collateral crimes was not the sole means available to the State to prove identity. In reaching its conclusion, the trial court relied upon Federal Rule of Evidence 404(b) and upon federal case law interpreting that rule.
On appeal, the State argues that the order departs from the essential requirements of the law because it excludes relevant evidence that is probative of the defendant's identity. We agree. Initially, we find that the trial court departed from the essential requirements of the law by applying the incorrect rule of evidence to its analysis. The trial court's written order quoted Federal Rule of Evidence 404(b), presumably intending to apply it by analogy. Federal Rule of Evidence 404(b), however, has no application in this case. The applicable rule is section 90.404(2)(a), Florida Statutes (2005), which states:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible *333 when the evidence is relevant solely to prove bad character or propensity.
This section codifies the general rule of admissibility of similar fact evidence enunciated in Williams v. State, 110 So.2d 654 (Fla.1959). See Zack v. State, 753 So.2d 9, 16 (Fla.2000). Section 90.404(2)(a) is a general rule of admissibility.
We further find that the trial court also departed from the essential requirements of the law by ruling that the collateral crimes evidence was not necessary for the State to prove its case. The State contends that the test for admissibility of such evidence is relevancy, not necessity. We agree. "Necessity has never been established by [the Florida Supreme] Court as an essential requisite to admissibility." Bryan v. State, 533 So.2d 744, 747 (Fla.1988). The fact that the State has other evidence at its disposal to prove the identity of the perpetrator does not bear upon the relevance of the collateral crimes evidence. Generally, any evidence relevant to prove a fact at issue is admissible unless precluded by a specific rule of exclusion. See Bryan, 533 So.2d at 747; Dorsett v. State, 944 So.2d 1207, 1212 (Fla. 3d DCA 2006).
Finally, the trial court erred when it applied the similarity requirement, reserved for determining the admissibility of collateral crime evidence, where the State seeks to prove identity through modus operandi, common plan, or scheme. Here, the State did not seek to prove identity by modus operandi but instead sought to prove identity based on evidence that the same gun was used in all three robberies. As noted above, when dealing with evidence which tends to reveal the commission of a collateral crime, the test of admissibility is relevance. See Williams, 110 So.2d at 660 ("[W]e find relevancy to be the test of admissibility. If the proffered evidence is relevant to a material fact in issue, it is admissible even though it points also to a separate crime."); Dorsett, 944 So.2d at 1212; Evans v. State, 693 So.2d 1096, 1100 n. 1 (Fla. 3d DCA 1997) (stating that the "case law clearly allows for the introduction of dissimilar collateral crimes where identity is sought to be established by means other than modus operandi or common plan or scheme").
Because the gun used in all three robberies was shown to be the same one, the only inquiry for the trial court to make was whether such evidence of collateral crimes, which included both physical evidence and eyewitness testimony, was relevant to the issue of the perpetrator's identitynot whether the evidence revealed uniquely similar factual situations. See Fernandez v. State, 722 So.2d 879, 880 (Fla. 3d DCA 1998) (evidence of prior shooting was relevant to issues of identity and motive where same gun was used in prior shooting and charged crime); see also Parker v. State, 456 So.2d 436 (Fla. 1984) (finding no error in introduction of evidence of defendant's admission to prior shooting as admission was relevant to prove identification as perpetrator of charged crime where bullets from both crimes were linked by ballistics evidence).
The next inquiry is whether the evidence, although relevant, should be excluded on grounds of unfair prejudice. Under the Evidence Code, "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (2005). See generally Charles W. Ehrhardt, Florida Evidence § 403.1 (2007).
Here, the trial court made an alternative finding that the evidence should be excluded as being highly prejudicial and harmful *334 to the defendant. Prejudicial or highly prejudicial, however, is not the standard. "Most evidence that is admitted will be prejudicial or damaging to the party against whom it is offered." Charles W. Ehrhardt, supra, at 183. The question under the statute is not prejudice but instead, unfair prejudice: whether the "probative value is substantially outweighed by the danger of unfair prejudice." § 90.403, Fla. Stat. (2005) (emphasis added).
In concluding that the evidence should be excluded, the trial court relied on State v. Dawson, 766 So.2d 1109 (Fla. 3d DCA 2000). We find, however, that this case is not applicable here. In Dawson, the defendant was accused of crimes committed in two incidents. Nine-millimeter shell casings were found at both crime scenes. The trial court ruled that even if the shell casing evidence was marginally relevant, the probative value was substantially outweighed by the danger of unfair prejudice. Id. at 1109-10.
The Dawson case is not on point. That is so because there is no indication in Dawson that there had been any ballistic testing which would demonstrate that, based on the markings on the shell casings, the identical weapon was used in both crimes. So far as the Dawson opinion indicates, the State sought to link the two prosecutions by showing that nine millimeter shell casings were found at both crime sceneswithout demonstrating that the same weapon was used in both crimes. In the present case, by contrast, the ballistics evidence is that the identical weapon was used in all three of the armed robberies.
The trial court also ruled that exclusion under section 90.403 was appropriate because the collateral crimes evidence was "not the sole means available to the State to prove identity." In conducting an analysis under section 90.403, the trial court "must weigh the logical strength of the proffered evidence to prove a material fact or issue against the other facts in the record and balance it against the strength of the reason for exclusion." Charles W. Ehrhardt, supra, at 182 (footnote omitted). The proffered collateral crimes evidence need not be the sole means for the State to prove identity.
For the foregoing reasons, we find that the trial court's order represents a departure from the essential requirements of the law. Moreover, we find that certiorari relief is appropriate in this case as the exclusion of the evidence might significantly impair the State's ability to prosecute the defendant. See Richards, 843 So.2d at 968 (citing Richardson v. State, 706 So.2d 1349, 1358 (Fla.1998)). Lastly, we conclude that the order represents a material injury that may not be remedied on direct appeal if the defendant is acquitted. See Richards, 843 So.2d at 968.
For the reasons stated, we grant the petition for writ of certiorari and quash the trial court's order excluding evidence of collateral crimes.
Petition granted.
NOTES
[1] Chief Judge Gersten did not hear oral argument but participated in the decision.
[2] Williams argues that certiorari is not appropriate in this case. Certiorari, however, is the appropriate vehicle for review of an order excluding the State's introduction of evidence. See State v. Richards, 843 So.2d 962, 967-68 (Fla. 3d DCA 2003).
[3] In Case No. F04-30278, Williams was charged with: (1) robbery using a deadly weapon, (2) attempted premeditated murder with a firearm, (3) attempted felony murder, (4) unlawful possession of a firearm while engaged in a criminal offense, and (5) unlawful possession of a firearm by a convicted felon.
[4] In Case No. F04-30281, Williams was charged with: (1) armed robbery, (2) attempted armed robbery, (3) attempted premeditated murder with a firearm, (4) attempted felony murder with a deadly weapon, (5) aggravated battery with a deadly weapon, and (6) unlawful possession of a firearm by a convicted felon.
[5] In Case No. F04-30282, Williams was charged with: (1) armed robbery/carjacking, (2) attempted premeditated murder with a firearm, (3) attempted felony murder with a deadly weapon, (4) unlawful possession of a firearm while engaged in a criminal offense, and (5) unlawful possession of a firearm by a convicted felon.
[6] To date, the gun used in all three robberies has not been recovered.