SHEPHERD, J.,
(concurring).
I concur in the decision of the majority in this case. I write to underscore the apparent fact, evident from the quoted testimony, that the defendant in this case considered having an abortion long before she knew the fetus was malformed and the baby likely would be born with serious medical problems. New trials should not be lightly granted. See Warner v. Coding, 91 Fla. 260, 107 So. 406 (1926). However, in this ease,' where the prosecutor exacerbated the prejudicial testimony in final argument, probably unnecessarily given the quantity of incriminating evidence in the record, I believe the error was compounded to such a degree it was not remediable through a curative instruction, and thus reversibly impaired the dispassionate consideration of evidence by the jury. See Hernandez v. Feliciano, 890 So.2d 401 (Fla. 5th DCA 2004); DeFreitas v. State, 701 So.2d 593 (Fla. 4th DCA 1997); Anderson v. Watson, 559 So.2d 654 (Fla. 2d DCA 1990).
The defense and the majority cite to a wide-ranging list of cases in which evidence of abortion or thoughts of abortion was found to outweigh any probative value with its prejudicial effects. In light of the State’s theory of the case here, as well as their ultimate concession during oral argument as to the irrelevance of the evidence to the issues at hand, I would agree that this case falls among that grouping. This is not to say that any and all mention of abortion or its contemplation would serve to vitiate my confidence in any jury verdict of conviction following the use of this evidence. Should the State manage to meet its burden to show the probative worthiness of its evidence in this regard, nothing in this opinion should serve to declare such a showing improper as a matter of law. See State v. Williams, 992 So.2d 330 (Fla. 3d DCA 2008).
With this caveat, I concur in the decision of the majority.