# Third District Court of Appeal

## State of Florida

Opinion filed November 4, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-989
Lower Tribunal No. 10-53225
_____


**Anthony Maniglia,**
Appellant,

vs.

**Daniel Carpenter,**
Appellee.


An appeal from the Circuit Court for Miami Dade County, Sara I. Zabel, Judge.

Kubicki Draper and Caryn L. Bellus and Bretton C. Albrecht, for appellant.

David B. Pakula (Southwest Ranches); Ellis, Ged & Bodden (Boca Raton), for appellee.


Before WELLS, SALTER and FERNANDEZ, JJ.

SALTER, J.

Anthony Maniglia appeals a final judgment awarding damages to Daniel Carpenter following a September 2009 automobile collision. Maniglia seeks a reversal and remand for a new trial based on the trial court's exclusion of evidence relating to an incident involving Carpenter that occurred a month after the accident. We conclude that the proffered evidence of the incident was significantly probative and outweighed any alleged prejudice. Applying the test for harmless error in a civil case, see Special v. W. Boca Med. Ctr., 160 So. 3d 1251 (Fla. 2014), we conclude that Carpenter has failed to prove that the error did not contribute to the verdict in his favor. We thus reverse and remand for a new trial.

The Accident and Aftermath

In September 2009, automobiles driven by Maniglia and Carpenter collided while Maniglia was changing lanes on I-95 at night. The collision damaged the right rear area of Maniglia's vehicle and the left front of Carpenter's auto. Maniglia and his brother (a passenger in Maniglia's vehicle) maintained that it was only a bump; Carpenter maintained that it was a severe sideswiping.

The day after the accident Carpenter visited Dr. Napoli, a chiropractor, and complained about right-side neck and back pain. Dr. Napoli later testified that x-rays taken that day showed no signs of acute injury, that they revealed disc

2

narrowing (which he described as "normal wear and tear"), and that he placed no work restrictions on Carpenter.

The Golf Cart Incident

In pretrial discovery in his personal injury suit against Maniglia, Carpenter initially denied that he had been involved in any subsequent accidents. Later investigation revealed, however, that Carpenter was involved in an unrelated accident and physical altercation less than a month after the car accident involving Maniglia. In October 2009, Carpenter was playing in a golf tournament. In the course of the tournament, Carpenter drove a golf cart onto a public road, ran a red light, and collided with a car. At impact, Carpenter fell from the golf cart and onto the street.

Carpenter got into a physical altercation with the police at the scene, which included fighting, kicking, and wrestling on the ground. There was evidence that Carpenter was intoxicated; that he did not have permission to use the golf cart; that he yelled profanity at the police and kicked both feet against the rear passenger window of the police car; and that he was arrested on the scene for battery on a law enforcement officer.

Additional evidence proffered by Maniglia at trial would have shown that Carpenter failed to disclose the golf cart incident and altercation to Dr. Napoli when he returned to Dr. Napoli less than two weeks later. Maniglia also proffered

3

evidence that the magnetic resonance images (MRIs) of Carpenter, relied upon by Carpenter's surgeon when he recommended surgery, were not taken until after the golf cart incident.

The Motion in Limine and the Evidence at Trial

Carpenter moved before trial to exclude all evidence relating to the October 2009 golf cart incident on the grounds that its prejudicial effect substantially outweighed its probative value under section 90.403, Florida Statutes (2015). Carpenter argued that irrelevant, but highly prejudicial facts—such as the intoxication, profanity, and struggle with law enforcement personnel—were too interwoven with any facts relating to the golf cart collision and Carpenter's fall from the cart to the pavement to permit a "sanitized version" to be allowed. The trial court granted the motion.

At trial, however, the court allowed the jury to hear that Carpenter played in the golf tournament less than a month after the accident with Maniglia, and that Carpenter had played "bumper cars" with the golf cart at the first tee. The court also allowed limited evidence that Carpenter was intoxicated at the golf tournament, which Carpenter had relied on to explain his ability to play golf following his alleged injuries.

The jury did not hear the complete details of the golf cart incident, however, including Carpenter's crash with an automobile, fall onto the pavement, and

struggle with law enforcement personnel. The jury also did not hear proffered evidence that Carpenter failed to tell his chiropractor, Dr. Napoli, about the golf cart incident and struggle when Carpenter visited him less than two weeks after those events occurred.

The jury returned a verdict awarding Carpenter $182,429.39. The court entered a final judgment in the case. Maniglia's motion for a new trial was denied, and this appeal followed.

Analysis

We have described the admissibility of "prejudicial" facts in these terms:

> "[m]ost evidence that is admitted will be prejudicial or damaging to the party against whom it is offered." Charles W. Ehrhardt, [Florida Evidence § 403.1 (2007)] at 183. The question under the statute is not prejudice but instead, unfair prejudice: whether the "probative value is substantially outweighed by the danger of unfair prejudice." § 90.403, Fla. Stat. (2005) (emphasis added).

State v. Williams, 992 So. 2d 330, 334 (Fla. 3d DCA 2008).

In the present case, the golf cart incident included facts that addressed both Carpenter's credibility and his proof of causation. The possibility of "unfair" prejudice did not "substantially" outweigh the probative value of that evidence. Had the motion been denied and the proffered evidence introduced, Carpenter's failure to mention the recent golf cart incident to his chiropractor may have affected the jury's evaluation of Carpenter's credibility, and the particulars of his fall and struggle with police would have been an adequate basis for jury

5

instructions on intervening causes and subsequent injuries.  <u>See</u> Fla. Std. Jury Instr. (Civil) 401.12(c), 505.5(b).

As the beneficiary of this erroneous exclusion of admissible evidence, Carpenter is required "to prove that the error complained of did not contribute to the verdict," alternatively described by the Supreme Court of Florida as proof that "there is no reasonable possibility that the error complained of contributed to the verdict."  <u>Special</u>, 160 So. 3d at 1265.  Carpenter and the record before us have not satisfied this requirement, with the result that the final judgment and order denying new trial must be reversed.

Reversed and remanded for a new trial.